MIRCO J. HAAG (SBN: 316111)
Buchalter
A Professional Corporation
500 Capitol Mall, Suite 1900
Sacramento, CA 95814
Telephone: 949.760.1121
Fax: 949.720.0182
Email: mhaag@buchalter.com

Attorneys for Secured Creditor
THE GOLDEN 1 CREDIT UNION

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JUSTIN WAYNE BREWER AND STEVIE FELICINA BREWER,<br><br>    Debtors. | Case No. 19-25029-A-7<br><br>Chapter 7<br><br>DC No.: BPC-001<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY TO PERMIT RECOVERY AND SALE OF PERSONAL PROPERTY**<br><br>**[11 U.S.C. §§ 362(d)(1) AND (d)(2); RULES 4001, 9013, AND 9014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; LOCAL RULES 4001-1 AND 4001-2]**<br><br>Date:     October 21, 2019<br>Time:    9:00 a.m.<br>Ctrm.:   28<br>          2500 Tulare Street<br>          Fresno, CA 93721 |

Movant and secured creditor The Golden 1 Credit Union ("Golden 1") moves ("Motion") the Court for an order granting relief from the automatic stay of 11 U.S.C. § 362(a). Through this Motion, Golden 1 seeks relief to exercise its lawful remedies under California law pursuant to a Retail Installment Sale Contract – Simple Finance Charge and the associated lien on title including, but not limited to, recovery and sale of one 2011 Ford Explorer.

Golden 1 bases its Motion on the Memorandum of Points and Authorities, the Declaration of Wes Motschman ("Motschman Decl.") and the Exhibits in support thereof, each filed concurrently herewith, together with all pleadings, papers and records on file with the Court, and such other evidence, both oral and documentary, that Golden 1 may present to the Court hereafter. For the relief requested herein, Golden 1 relies upon 11 U.S.C. §§ 362(d)(1) and (d)(2), Federal Rules of Bankruptcy Procedure 4001, 9013, and 9014, and Local Bankruptcy Rules 4001-1 and 9014-1.

## I. STATEMENT OF FACTS

On or about January 12, 2018, Stevie Felicina Montana Brewer and Justin Wayne Brewer ("Debtors") entered into a Retail Installment Sale Contract – Simple Finance Charge (with Arbitration Provision) (the "Sale Contract") with Crown Motors ("Seller"). (Motschman Decl. ¶ 5, Ex. A.) The Sale Contract memorialized the Debtors' loan from the Seller totaling $23,099.85, the proceeds of which they used to purchase a used 2011 Ford Explorer, bearing VIN # 1FMHK7D85BGA15900 (the "Vehicle"). (*Id*.) Specifically, the Debtors agreed to make 72 monthly payments of $369.43 commencing February 26, 2018, through and including January 26, 2024, inclusive of interest at the fixed annual rate of 4.69%. (*Id*.) To secure the Debtors' repayment obligation under the Sale Contract, the Debtors gave the Seller a security interest in the Vehicle. (*Id*.) Seller thereafter assigned its rights in the Sale Contract and the Vehicle to Golden 1; Golden 1 perfected its lien on the Vehicle. (*Id*. at Ex. B.)

The Debtors last made a payment on April 24, 2019 for the amount due May 22, 2019. (*Id*. at ¶ 6.). The Debtors sought bankruptcy protection on August 9, 2019, by filing a voluntary petition for relief under chapter 7 of the Bankruptcy Code ("Petition Date"). (*Id*.) As of the Petition Date, the Debtors owed $18,728.53 to Golden 1. (*Id*. at Ex. C.) In their Statement of Intention, Debtors indicated they will voluntarily surrender the Vehicle to Golden 1.

The Kelley Blue Book ("KBB") Reasonable Market Value – Typical Listing for the Effective Dates between 4/19/19 and 4/25/19 gives an auction value of $9,469.00 for the Vehicle. (*Id*. at ¶ 7.)

## II. ARGUMENT

### A. This Court has Cause Under Section 362(d)(1) to Grant Golden 1 Automatic Stay Relief Because Golden 1's Security Interest In The Vehicle Is Not Adequately Protected

Section 362 of the Bankruptcy Code empowers bankruptcy courts to grant creditors relief from the automatic stay "such as by terminating, annulling, modifying, or conditioning such stay . . . ." Subsection (d)(1) of Section 362 mandates a Bankruptcy Court to lift the automatic stay "for cause . . . ." 11 U.S.C. § 362(d)(1). This section further provides that "cause" for the Bankruptcy Court to lift the automatic stay includes "lack of adequate protection . . . ." 11 U.S.C. § 362(d)(1). "Because there is no clear definition of what constitutes 'cause', discretionary relief from the stay must be determined on a case by case basis." *In re MacDonald*, 755 F.2d 715, 717 (9th Cir. 1985).

Here, the Debtors have not made any payments to Golden 1 under the Sale Contract since May 22, 2019, thus causing their outstanding indebtedness to increase, which continues to surpass the Vehicle's value. (Motschman Decl. at ¶¶ 6-7, Ex. C.) The Debtors' increasing indebtedness to Golden 1, coupled with the Vehicle's continued daily depreciation, render Golden 1's security interest in the Vehicle inadequately protected. Moreover, Debtors have indicated their intent to surrender the Vehicle to Golden 1 in their Statement of Intention, which this Court may consider under Federal Rule of Evidence 801. This Court has cause under Section 362(d)(1) to grant Golden 1 automatic stay relief.

### B. Section 362(d)(2) Gives This Court An Alternative Ground to Grant Golden 1 Stay Relief Because There Is No Equity In The Vehicle And It Is Not Necessary To An Effective Reorganization

Section 362(d)(2) of the Bankruptcy Code obligates a Bankruptcy Court to lift the automatic stay if the Debtor lacks equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2). In determining the equity in the subject collateral, bankruptcy courts consider the value of the collateral relative to all the claims secured by that property. *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 n. 2 (9th Cir. 1984). Golden 1's Motion satisfies both elements.

The Debtors admittedly lack equity in the Vehicle. The Debtors' bankruptcy schedules indicate that Golden 1 holds a secured claim totaling $18,457.00, although the claim amount is actually $18,728.53; these schedules also estimate the Vehicle's value at $12,000.00. [Docket No. 1 – Schedule D.] Based on the Debtors' calculation of value by itself and the claim amount, the aggregate balance of Golden 1's lien on the Vehicle exceeds the Vehicle's value by $6,457.00. (Motschman Decl. at ¶¶ 6-7, Exs. C-D.) The Debtors' admission in their bankruptcy schedules, coupled with Golden 1's admissible evidence, confirm Section 362(d)(2) also warrants relief in this chapter 7 bankruptcy proceeding. *See In re Hyatt*, Case No. 11-20736-TLM, 2011 Bankr. LEXIS 4849, at *43 (Bankr. D. Idaho Dec. 9, 2011). No reorganization will occur in this chapter 7 bankruptcy proceeding, which renders the Vehicle unnecessary. *In re Casgul of Nevada, Inc.*, 22 B.R. 65, 66 (B.A.P. 9th Cir. 1982); *In re Manuel*, Case No. 07-22358-C-7, 2007 Bankr. LEXIS 2656, at *3 (Bankr. E.D. Cal. Aug. 2, 2007) ("the issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated").

If this Court finds the automatic stay no longer protects the Vehicle, this Court should waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3). Indeed, the Debtors' default in their loan from Golden 1 supplies this Court with cause to terminate the automatic stay under Section 362(d)(1). The next subsection, Section 362(d)(2), also warrants relief from the automatic stay here, as the Vehicle lacks equity and is not necessary for an effective reorganization. The Vehicle is being surrendered to Golden 1 per Debtor's Statement of Intention. Thus, this Court should waive the 14-day stay under Federal Rule of Bankruptcy Procedure 4001(a)(3). *Groff v. Turner* (*In re Turner*), Case No. 3:15-bk-14741-DPC, 2016 Bankr. LEXIS 3869, at *36 (Bankr. D. Ariz. Nov. 1, 2016).

### III. CONCLUSION

Based on the foregoing, Golden 1 submits that it is entitled to relief from the automatic stay under 11 U.S.C. §§ 362 (d)(1) and (d)(2).

WHEREFORE, Golden 1 respectfully requests that:

1. The automatic stay of 11 U.S.C. § 362(a) be terminated to permit Golden 1 to exercise its lawful remedies, including, but not limited to, recovery and sale of the Vehicle;

2. The Court's order be effective immediately and that the 14-day waiting period prescribed by Federal Rules of Bankruptcy Procedure, Rule 4001(a)(3) be waived; and

3. For such other and further relief as the Court deems just and proper.

DATED: September 12, 2019             BUCHALTER, a Professional Corporation

By: _____*Mirco J. Haag*_____
MIRCO J. HAAG
Attorneys for Secured Creditor
THE GOLDEN 1 CREDIT UNION